**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**E-FAMTRIPS, INC.**

       Plaintiff,

       v.                                                                                           Case No. 09-CV-61465
                                                                                                                                                                          Huck/O'Sullivan
**RYAN GREPPER, AN INDIVIDUAL,**
**D/B/A/ TRAVELITE**

       Defendant.

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

Defendant Ryan Grepper d/b/a Travelite ("Grepper") by his attorneys, as and for his Answer to the Complaint alleges as follows:

<u>The Parties</u>

1. Grepper is without sufficient information to admit or deny the allegation in Paragraph 1 of the Complaint and therefore denies the same.

2. Admitted that Grepper does business as Travelite and did so at the indicated address. Denied that he still does business at that address. Admitted that Grepper advertises on the web site www.travelite.com and distributes products directly and through distributors in many places in the United States. Admitted that *de minimis* sales of the accused product have been made by Grepper into this judicial district. Grepper denies the remaining allegations of Paragraph 2 of the Complaint.

3. Admitted that Grepper also does business under the name Wow Bow and advertises on the web site www.wowbowproducts.com and distributes products

directly and through distributors in many placed in the United States. Admitted that *de minimis* sales of the accused product have been made by Grepper into this judicial district. Grepper denies the remaining allegations of Paragraph 3 of the Complaint.

4. Denied that Travelite is a corporation.

Jurisdiction and Venue

5. Admitted.
6. Denied.
7. Denied.
8. Denied.

Count I

Infringement of U.S. Patent No. 7,550,684

9. Grepper incorporates Paragraphs 1-8 of this Answer as if fully set forth herein.
10. Grepper is without sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and therefore denies the same.
11. Admitted that a copy of a U.S. Patent No. 7,550,684 (the '684 Patent) is attached to the Complaint as Exhibit 3. Grepper is without sufficient information to admit or deny the remaining allegations of Paragraph 11 of the Complaint and therefore denies the same.
12. Denied.
13. Denied.
14. Denied.

**AFFIRMATIVE DEFENSES**

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  This Court has no jurisdiction over Grepper.

3.  Venue is not proper in this Court.

4.  Defendant has not engaged in any acts which would constitute infringement of any of the claims of the '684 Patent.

5.  The '684 Patent is invalid, void, and/or unenforceable for one or more of the following reasons:

    A.  The alleged invention, discovery or improvement purported to be patented in the '684 Patent was known or used by others in the United States of America, its territories or possessions, or patented or described in a printed publication before the alleged invention or discovery thereof by the applicants for the '684 Patent;

    B.  The alleged invention, discovery or improvement purported to be patented in the '684 Patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application in the United States on which the '684 Patent issued;

    C.  The alleged invention, discovery or improvement purported to be patented in the '684 Patent was in public use or on sale in the United States of America, its territories or possessions, more than one year prior to the date of the application in the United States of America on which the '684 Patent issued;

    D.  The alleged invention, discovery or improvement purported to be patented in the '684 Patent was described and fully disclosed in patents granted

on applications for patents by others filed in the United States before the alleged invention thereof by the applicants for the '684 Patent;

E. The applicants for the '684 Patent did not invent or discover the subject matter purported to be covered by the '684 Patent;

F. Before the alleged invention by the applicants for the '684 Patent of the invention, discovery or improvement purported to be covered by the '684 Patent, the alleged invention, discovery or improvement was made in this country by another who had not abandoned, suppressed or concealed it;

G. The differences, if any, between the subject matter of the alleged invention, discovery or improvement of the '684 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention, discovery or improvement was made to a person having ordinary skill in the art to which the subject matter pertains;

H. The specification of the '684 Patent does not contain a written description of the alleged invention, discovery or improvement purported to be covered by the '684 Patent in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to practice the alleged invention, discovery or improvement thereof;

I. The specification of the '684 Patent does not set forth the best mode contemplated by the applicant for the '684 Patent for carrying out the alleged invention, discovery or improvement purported to be covered by the '684 Patent;

J. The specification of the '684 Patent does not conclude with claims that particularly point out and distinctly claim the subject matter which constitutes a patentable invention, or which was, or is, regarded by the applicants for the '684 Patent as their invention, discovery or improvement; and

K. The '684 Patent was not obtained in a manner consistent with the provisions of Title 35, United States Code and is thus invalid and/or unenforceable. More specifically, the '684 Patent is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 253, 286 and 288.

6. Plaintiff is not entitled to recover costs due to its failure to make a timely disclaimer of invalid claims pursuant to the requirements of 35 U.S.C. §§ 253 and 288.

7. Grepper is a co-inventor of the '684 Patent who has not assigned his rights and therefore cannot be an infringer.

8. The failure to name Grepper as a co-inventor of the '684 Patent was done with deceptive intent and renders the patent invalid and/or unenforceable.

9. Grepper invented the subject matter of the '684 Patent before the invention thereof by Ronald Kritzler.

10. Grepper invented and disclosed the device shown in Exhibit 2 of the Complaint, or its substantial equivalent, before the invention of the subject matter of the '684 Patent by Ronald Kritzler.

11. The claims of the '684 Patent are not infringed based on one or more of the following grounds:

A. The prior art known before the alleged inventions of the claimed subject matter of the patent and the disclosures of the patent so limit

and restrict the scope of the claims of the patent that no product made, used, or sold by Defendant can be regarded as an infringement of such claims; and

  B. Plaintiff is estopped by virtue of representations, omissions, and/or concessions made to the United States Patent and Trademark Office during the prosecution of the application and reexamination proceedings from which the patents issued, from construing any of the claims of the patents to cover the manufacture, use, or sale of any products made, used, or sold by the Defendant.

12. Plaintiff lacks standing to sue under the '684 patent because it does not have the requisite degree of ownership interest in the patent required to bring and/or maintain this action against Defendant.

13. Plaintiff failed to mark its products with the '684 patent number and is not entitled to any damages even if Grepper were to be found to have infringed the '684 patent.

## COUNTERCLAIMS

### The Parties

1. Counterclaim Plaintiff Grepper is an individual doing business as Travelite with an office and principal place of business at 10250 NW Village Heights Dr., Portland, OR 97229.

2. On information and belief Counterclaim Defendant E-Famtrips, Inc. is a Florida corporation having a principal place of business at 1155 NW 159th Drive, Miami, Florida 33169.

**Jurisdiction**

3. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §1121.

**Counterclaims**

**Declaratory Judgment for Invalidity
and Non-infringement of U.S. Patent No. 6,464,498**

4. This Counterclaim is for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, adjudging the '684 Patent invalid, unenforceable and/or not infringed by any product made, used, sold or offered for sale by Grepper.

5. Grepper hereby incorporates and realleges by reference as if repeated verbatim herein each of the foregoing paragraphs 1-13 of its Affirmative Defenses.

6. By reason of the allegations in the foregoing paragraphs 1-13 of the Affirmative Defenses, incorporated by reference herein, the '684 Patent is invalid, unenforceable and/or not infringed by any product made, used, sold or offered for sale by Grepper.

**Declaratory Judgment for Co-Inventorship**

7. This Counterclaim is for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, adjudging and declaring that Ryan Grepper is a co-inventor of the '684 Patent.

8. Prior to the invention of the subject matter of the '684 Patent, Ryan Grepper conceived of various aspects of the invention claimed in the '684 Patent. Grepper conveyed that information to a third party who, in turn, on information and belief, conveyed the

information to Ronald Kritzler who incorporated it into the invention which is disclosed and claimed in the '684 Patent.

9. Accordingly, Grepper is a co-inventor of the '684 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Grepper respectfully requests the following relief:

(a) Dismissal of the Complaint with prejudice and awarding costs of this action to Grepper;

(b) Entry of a final judgment by this Court declaring that the '684 Patent, and the claims thereof, is invalid, unenforceable and/or not infringed and that Grepper, and those with whom he does business, may continue their manufacture, sales or uses of, and their businesses relating to, the accused infringing product without any further action, threat, or interference of any kind or nature whatsoever by E-Famtrips or anyone claiming by or through E-Famtrips on account of said patent;

(c) Entry of a final judgment by this Court declaring that Grepper is a co-inventor of the ''684 Patent

(d) That this Court declare this to be an exceptional case and pursuant to 35 U.S.C. § 285 award Grepper reasonable attorneys' fees incurred in this suit; and

(e) For such other and further relief as this Court may deem just and proper.

Dated:  December 1, 2009

          Stacy Strolla, P.A.

           s/ Stacy Strolla_____
          Stacy Strolla
          Renaissance Commons
          1880 N. Congress Avenue, Suite 205
          Boynton Beach, FL  33426
          Telephone:  561-369-0380
          strollalaw@aol.com


          OF COUNSEL:

          Adam L. Brookman
          Erin K. Fay
          Boyle Fredrickson, S.C.
          840 North Plankinton Avenue
          Milwaukee, WI 53203
          Telephone:     414-225-9755
          Facsimile:    414-225-9753
          abrookman@boylefred.com
          efay@boylefred.com

          ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2009, I electronically filed the following documents with the Clerk of the Court using the ECF system:

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

I hereby certify that the foregoing is being served on the attorneys for the plaintiff, via the ECF filing system at the following address:

Robert M. Schwartz
Robert M. Schwartz, P.A.
2445 Hollywood Boulevard
Hollywood, Florida  33020
Robert@patentmiami.com


s/ Stacy Strolla
Stacy Strolla


Stacy Strolla, P.A.
Renaissance Commons
1880 N. Congress Avenue, Suite 205
Boynton Beach, FL  33426
Telephone:  561-369-0380
strollalaw@aol.com